IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TEXARKANA DIVISION

| | | |
|---|---|---|
| TODDRICK MATTHEWS | § | |
| v. | § | CIVIL ACTION NO. 5:19cv24 |
| LASALLE CORRECTIONAL, ET AL. | § | |

MEMORANDUM ADOPTING REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE
AND ENTERING FINAL JUDGMENT

The Plaintiff Toddrick Matthews, a former inmate of the Bowie County Correctional Center proceeding *pro se*, filed this civil rights lawsuit under 42 U.S.C. §1983 complaining of alleged violations of his constitutional rights during his confinement in Bowie County. The parties have consented to allow the undersigned United States Magistrate Judge to enter final judgment in the proceeding pursuant to 28 U.S.C. §636(c).

**I. Background**

In his original complaint, Plaintiff claimed the living conditions in the segregation wing of the Bowie County Correctional Center were unconstitutional. He stated that his cell, A-206, was small and he could not have in-dorm recreation. Plaintiff also asserted there was mold and mildew on the shower walls, the water in the shower was too cold and there is no shower curtain, and the hot water in the sink did not work. For relief, Plaintiff asked for $75,000.00 in damages, for these conditions to be repaired, and for the firing of the person responsible for handling these problems.

After being ordered to file an amended complaint setting out a short and plain statement of his claim, Plaintiff filed a statement saying he was placed in a segregation cell with no hot water. He went three to five days between showers because the water was very cold. There was mold and mildew inside the cell on the walls and floors. Lt. Manning, Lt. Benntha, Sgt. Pierson, and Officer Cantu were all notified of these conditions. Officer Cantu refused to do anything and said he was

1

not going to replace a new water heater. Officer Cantu also stated all he could do was paint over the mold and mildew.

## II. The Defendants' Motion for Summary Judgment and the Response

The Defendants filed a motion for summary judgment arguing Plaintiff did not exhaust his administrative remedies. They furnished summary judgment evidence explaining the two-step Bowie County Correctional Center grievance procedure and showing Plaintiff did not file any Step Two grievance appeals concerning the complaints forming the basis of his lawsuit. He filed six Step One grievances and one Step Two appeal, but this grievance he appealed concerned a complaint that he is supposed to get outdoor recreation five times a week but Warden McCormick only allows outdoor recreation three times a week. In the Step Two grievance appeal, Plaintiff complained he is being discriminated against because he has been housed in segregation for over 10 months because of his charge, but other inmates with the same charge are in general population. He cannot go outside, but must stay in his cell all day. The response to this grievance explained Plaintiff is charged with murder in a heavily publicized case in which the victim was a well known local citizen with many friends and family, some of whom are also inmates in the jail. Consequently, the jail staff determined that placement in segregation would be the safest place. The response also stated Plaintiff's outdoor recreation was suspended because of his behavior, but when the term of suspension is completed, he will again be allowed to participate in outdoor recreation.

Plaintiff filed a response to the Defendants' motion complaining that another Step Two grievance had been removed from the legal paperwork he sent to the Court. The Court granted an extension of time and ordered the Defendants to provide Plaintiff with any grievances pertinent to the complaint which were not attached to the motion for summary judgment. The Defendants responded by stating that they had furnished all of the discovery which they possessed which was responsive to the Court's order. Plaintiff filed a reply stating he was unable to submit his Step Two grievance form because he claimed someone had intercepted his mail.

**III. The Report and the Objections**

After review of the pleadings, the Court issued a Report recommending the Defendants' motion for summary judgment be granted and the lawsuit dismissed. The Court set out the law concerning exhaustion and stated the one grievance which Plaintiff pursued through both steps of the grievance procedure concerned a claim he did not raise in his lawsuit. While Plaintiff referred to an alleged Step Two grievance appeal which he claims was removed from his paperwork, the Court noted Plaintiff did not state whether this was the same Step Two grievance appeal included in the Defendants' motion for summary judgment or a different one, nor what this Step Two grievance involved. Because his assertion was entirely conclusory, the Court determined it could not defeat a properly supported motion for summary judgment.

In his objections (docket no. 38), Plaintiff argued the Defendants had a duty under color of law, but did not attempt to resolve the issue. He claimed the Step Two grievance appeal which he wrote involved being inside a cell with mold and mildew, not receiving fresh air, and not being able to stretch and walk around.

**IV. Discussion**

The Fifth Circuit has held exhaustion of administrative remedies prior to filing suit is mandatory and district courts lack discretion to excuse a prisoner's failure to exhaust before bringing suit. *Gonzalez v. Seal*, 702 F.3d 785, 788 (5th Cir. 2012). In the recent case of *Gilliam v. Anderson County Sheriff's Department*, slip op. no. 19-40384, 2020 WL 6065773 (5th Cir., October 14, 2020), the district court granted summary judgment to the defendant jail officials because the plaintiff failed to exhaust his administrative remedies by filing grievances through all available steps of the Anderson County Jail grievance procedure. In affirming the district court's decision, the Fifth Circuit observed that the plaintiff did not furnish any competent summary judgment evidence showing that he had pursued his grievances through all of the steps and stated "Gilliam's conclusory assertions that he 'attempted to exhaust' his administrative remedies, that he was unaware pre-filing exhaustion was mandatory, and that there was a lack of grievance forms do not entitle him to relief.

*See Woodford v. Ngo*, 548 U.S. 81, 90, 126 S.Ct. 2378, 165 L.Ed.2d 368 (2006). The district court did not err by granting summary judgment." *Gilliam*, 2020 WL 6065773 at *1.

Plaintiff here is in the same posture. He offered no competent summary judgment evidence to support his claim that he exhausted his administrative remedies as to any of his claims and his conclusory claims of exhaustion are insufficient. *See also Johnson v. Doe*, 582 F.App'x 512 (5th Cir. 2014) (conclusory claim that plaintiff "exhausted all available means" could not defeat summary judgment on the issue of exhaustion of administrative remedies); *Kidd v. Livingston*, 463 F.App'x 311 (5th Cir. 2012) (conclusory allegations of exhaustion are insufficient to overcome summary judgment evidence demonstrating lack of exhaustion). He has shown no basis upon which to set aside the Report recommending dismissal and his objections are without merit. It is accordingly

**ORDERED** that the Report (docket no. 35) is adopted as the opinion of the Court and the above-styled civil action is **DISMISSED WITHOUT PREJUDICE** for failure to exhaust administrative remedies. It is further

**ORDERED** that any and all motions which may be pending in this civil action are hereby **DENIED**.

**SIGNED** this 27th day of October, 2020.

CAROLINE M. CRAVEN
UNITED STATES MAGISTRATE JUDGE